**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TRW VEHICLE SAFETY SYSTEMS INC. and )
TRW AUTOMOTIVE GMBH, )
                                      )
        Plaintiffs, )
                                      )
                                      )       C.A. No. 08-268-GMS
      v. )
                                        )
TAKATA CORPORATION, TK HOLDINGS, )
INC., and TAKATA-PETRI AG, )
                                      )
        Defendants. )

## PLAINTIFFS' OPPOSITION TO DEFENDANT TK HOLDINGS' MOTION TO DISMISS AND ALTERNATIVELY FOR MORE DEFINITE STATEMENT

OF COUNSEL:

Robert C. Kahrl
Timothy J. O'Hearn
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Dated: July 21, 2008
871530

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
P.O. Box 951
Hercules Plaza
Wilmington, Delaware 19899
(302) 984-6140
provner@potteranderson.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 1

NATURE AND STAGE OF PROCEEDING ................................................... 1

SUMMARY OF ARGUMENT ....................................................................... 2

ARGUMENT ................................................................................................. 2

I.    TK HOLDINGS IMPROPERLY ALLEGES FACTS OUTSIDE THE SCOPE
      OF THE PLEADINGS ........................................................................... 2

II.   TK HOLDINGS' MOTION TO DISMISS SHOULD BE DENIED ................ 3

      A.   TRW's Amended Complaint Satisfies The Minimal Factual
           Allegations Required By The Federal Rules. ........................................ 4

      B.   TRW's Amended Complaint Provides More Than Adequate Notice For TK
           Holdings To Frame An Answer. ......................................................... 6

      C.   TRW's Amended Complaint Properly Accuses Each Of The Defendants Of
           Infringing The Asserted Patents. ....................................................... 7

      D.   TRW's Amended Complaint Sufficiently Describes The Products Accused Of
           Infringement. ................................................................................. 9

      E.   The Seven Asserted Patents Are Directed To Vehicle Airbags And
           Not A "Wide Range Of Technologies." ............................................... 12

      F.   TK Holdings Insinuations Regarding Rule 11 Are Unfounded And
           Irrelevant To The Present Motion. ..................................................... 14

      G.   TRW's Amended Complaint Properly Alleges Willful Infringement. ........ 15

      H.   TRW's Amended Complaint Properly Alleges Indirect Infringement By
           Inducement. ................................................................................. 16

III.  TK HOLDINGS' MOTION FOR MORE DEFINITE STATEMENT SHOULD
      BE DENIED. ......................................................................................... 18

CONCLUSION ............................................................................................ 19

# TABLE OF AUTHORITIES

**CASES**

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
   No. 05-590, 2006 WL 2375035 (D. Del. Aug. 16, 2006)...................................................2-3, 6

*ACCO Brands, Inc. v. ABA Locks Mfr.*,
   501 F.3d 1307 (Fed. Cir. 2007)........................................................................................16

*Applera Corp. v. Thermo Electron Corp.*,
   No. 04-1230, 2005 WL 524589 (D. Del. Feb. 25, 2005)................................................Passim

*Bay Indus., Inc. v. Tru-Arx Mfg., LLC*,
   No. 06-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006)................................14

*Celanese Int'l Corp. v. Oxyde Chems., Inc.*,
   No. 07-2981, 2008 U.S. Dist. LEXIS 27811 (S.D. Tex. April 4, 2008)..................................16

*Cordance Corp. v. Amazon.com, Inc.*,
   521 F. Supp. 2d 340 (D. Del. 2007)..........................................................................................9

*F&G Research, Inc. v. Google, Inc.*,
   No. 07-2981, 2007 U.S. Dist. LEXIS 70072 (S.D. Fla. Sept. 20, 2007) .................................16

*Gammino v. Cellco Partnership*,
   No. 04-4303, 2005 WL 2397168 (E.D. Pa. September 27, 2005)...........................................17

*Hewlett-Packard Co. v. Intergraph Corp.*,
   No. 03-2517, 2003 U.S. Dist. LEXIS 26092 (N.D. Cal. Sept. 6, 2003) ..................................11

*Home & Nature Inc. v. Sherman Specialty Co.*,
   322 F. Supp. 2d 260 (E.D.N.Y. 2004) ......................................................................................6

*Houlihan v. Sussex Tech. School Dist.*,
   461 F. Supp. 2d 252 (D. Del. 2006)........................................................................................18

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)....................................................................................................3

*Lituma v. United States*,
   No. 04-8955, 2005 WL 1705088 (S.D.N.Y. July 18, 2005).....................................................14

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007).................................................................................................4

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
   303 F.3d 1294 (Fed. Cir. 2002)................................................................................................16

*OKI Electric Industry Co., Ltd. v. LG Semicon Co., Ltd.*,
  No. 97-20310, 1998 WL 101737 (N.D. Cal. Feb. 25, 1998) ........................................8, 11, 14

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
  No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) ..................................................10, 16

*Phonometrics v. Hospitality Franchise Systems, Inc.*,
  203 F.3d 790 (Fed. Cir. 2000).....................................................................................................4

*R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*,
  No. 02-472, 2002 WL 31260049 (D. Del. Oct. 9, 2002) .................................................. Passim

*Rollins Envtl. Servs. (FS), Inc. v. Wright*,
  738 F. Supp. 150 (D. Del. 1990) .................................................................................................5

*Symbol Tech., Inc. v. Hand Held Prod., Inc.*,
  No. 03-102, 2003 WL 22750145 (D. Del. Nov. 14, 2003).............................................. Passim

*TI Group Automotive Sys. v. VDO North Am.*,
  No. 00-432, 2002 WL 484838 (D. Del. March 7, 2002) ...........................................................16

*View Engineering, Inc. v. Robotic Vision Systems, Inc.*,
  208 F.3d 981 (Fed. Cir. 2000)...................................................................................................14

## RULES

Fed. R. Civ. P. 8............................................................................................................... Passim

Fed. R. Civ. P. 8(a) ..................................................................................................... 10-11

Fed. R. Civ. P. 8(a)(2)...........................................................................................3, 11, 17

Fed. R. Civ. P. 11 ...........................................................................................................6, 14

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2

Fed. R. Civ. P. 12(e) .........................................................................................................2, 18

Fed. R. Civ. P. 84 ....................................................................................................................4

## INTRODUCTION

While defendant TK Holdings Inc. styles its filing as a motion to dismiss or alternatively for a more definite statement, it improperly attaches *four* separate fact declarations and asks this Court to evaluate numerous disputed facts and balance burden and relevance as to imaginary discovery requests. All of these extrinsic facts are inappropriate for a motion on the pleadings and premature given that this lawsuit is at its inception and discovery has not yet commenced. Indeed, TK Holdings' sworn declarations of alleged burdens show its motion to be a premature request for relief from discovery.

The impropriety of TK Holdings' motion is even more apparent when TRW's Amended Complaint is properly evaluated under Fed. R. Civ. P. 8, which sets out the liberal notice pleading requirement. That is, TRW need only plead its claims sufficient to provide TK Holdings with adequate notice to frame an answer. In denying the motion, this Court need look no further than TK Holdings' admission that not only does it have adequate notice to frame an answer, it can do it in a matter of "weeks." In fact, based on this admission, TK Holdings should already have completed this analysis.

As this Court has recognized, discovery is the proper way to refine the scope of a lawsuit – not a motion to dismiss or for a more definite statement. TK Holdings' grumblings about the number of patents asserted and the technology involved are irrelevant in evaluating a motion on the sufficiency of the complaint.

## NATURE AND STAGE OF PROCEEDING

On May 6, 2008, Plaintiffs TRW Vehicle Safety Systems Inc. and TRW Automotive GmbH (collectively "TRW") sued Defendants Takata Corporation, TK Holdings Inc., and Takata-Petri AG (collectively the "Defendants") alleging infringement of United States Patent

No. 5,490,690, No. 5,566,977, No. 5,782,489, No. 5,957,487, No. 6,773,030, and No. 6,155,595. On June 25, 2008, the TRW filed an amended complaint further asserting United States Patent No. 6,877,772 against Defendants.

On July 3, 2008, TK Holdings Inc. ("TK Holdings") filed a Motion to Dismiss TRW's amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to satisfy the "liberal pleading requirements of Fed. R. Civ. P. 8 in pleading its direct infringement claims" and failure to "adequately plead all required elements for its induced infringement and willful infringement claims." (Motion at 1.) TK Holdings moves, in the alternative, for a more definite statement of TRW's infringement allegations under Fed. R. Civ. P. 12(e). (*Id.*) TRW submits this brief in opposition to TK Holdings' Motion.

## SUMMARY OF ARGUMENT

The Federal Rules and caselaw establish that TRW's Amended Complaint manifestly meets all the applicable pleading requirements. TK Holdings' Motion requests specific information that is normally sought through discovery. The need for discovery is not the standard by which pleadings are evaluated but rather whether a defendant is provided with adequate notice. TK Holdings' declarations, which have no place in a challenge to the sufficiency of a complaint, nevertheless show that Defendants have a wholly adequate grasp of the subject matter to answer the Amended Complaint forthwith.

## ARGUMENT

### I.    TK HOLDINGS  IMPROPERLY ALLEGES FACTS OUTSIDE THE SCOPE OF THE PLEADINGS

"[W]hen deciding a motion to dismiss, the scope of the court's review is limited to the complaint." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590, 2006 WL 2375035, at *5 n.5 (D. Del. Aug. 16, 2006) (Sleet, J.) (denying motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002)).

Contrary to this rule, TK Holdings offers four declarations alleging extrinsic facts, detailing for

the Court how many airbag programs the three Defendants have, how each airbag program is

"specifically designed" for different automobiles, how information about these programs is

maintained, and how it would take "weeks" to compare this information to the asserted patents.

(*E.g.*, Brief at 3-4; Stamey Decl. at ¶¶ 8-11)  These declarations also allege various interactions

between the parties relating to this lawsuit.[1]  (*E.g.*, Brief at 5-6; Stamey Decl. at ¶¶ 3-6; Roe Decl.

at ¶¶ 3-4; Bernat Decl. at ¶¶ 3-5; Krosin Decl. at ¶¶ 4-5.)

It is well-established that such extrinsic evidence cannot be considered in deciding a

motion on the pleadings.  *See Abbott*, 2006 WL 2375035, at *5 n.5; *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) ("[S]ince the district court was ruling

on a motion to dismiss, it was not permitted to go beyond the facts alleged in the Complaint and

the documents on which the claims made therein were based").  Indeed, all factual assertions

should be construed in TRW's favor when evaluating such a motion on the pleadings.  *See id.* at

1420.  TK Holdings' attempt to allege extrinsic facts couched in a motion to dismiss is improper

and must be rejected.

## II.    TK HOLDINGS' MOTION TO DISMISS SHOULD BE DENIED

TRW's Amended Complaint plainly satisfies the notice pleading requirements of Fed. R.

Civ. P. 8.  The Federal Rules require that a pleading contain only a "short and plain statement of

the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Applera Corp. v.*

*Thermo Electron Corp.*, No. 04-1230, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (Sleet, J.)

---

[1] TK Holdings' allegations as to conversations between opposing counsel in particular have no
conceivable relevance to a motion challenging the sufficiency of the Complaint.

(footnote omitted). This notice pleading requirement under "[t]he Rule 8 standard does not change in an action for patent infringement." *Id.* at *1 n.1 (citations omitted).

In *Phonometrics v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (Fed. Cir. 2000), the Federal Circuit stated that "the dismissal standard is extraordinary, and one not to be taken lightly." *Id.* at 793 (citation omitted). Indeed, "[d]ismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate." *Id.* at 793, quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

> A.    TRW's Amended Complaint Satisfies The Minimal
>       Factual Allegations Required By The Federal Rules.

The facts necessary to properly plead a claim for patent infringement are illustrated by Form 16 (Complaint for Infringement of Patent) of the Federal Rules. Fed. R. Civ. P. 84 and App. Of Forms, Form 16, endorsed in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007). Form 16 provides, in its entirety:

**Form 16 – Complaint for Infringement of Patent.**

1.    Allegation of jurisdiction.

2.    On May 16, 1934, United States Letters Patent No. ___ were duly and legally issued to plaintiff for an invention in an electric motor; and since that date plaintiff has been and still is the owner of those Letters Patent.

3.    Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.

4.    Plaintiff has placed the required statutory notice on all electric motors manufactured and sold by him under said Letters Patent, and has given written notice to defendant of his said infringement.

Wherefore plaintiff demands a preliminary and final injunction against continued infringement, an accounting for damages, and an assessment of interest and costs against defendant.

*See generally Rollins Envtl. Servs. (FS), Inc. v. Wright*, 738 F. Supp. 150, 155 (D. Del. 1990) (Roth, J.) (citing Rule 84 and noting that a complaint modeled from a form "should be commended, not penalized"). This Court also recognizes that Form 16 illustrates the type of notice pleading required under the Federal Rules. *R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, No. 02-472, 2002 WL 31260049, at *3 (D. Del. Oct. 9, 2002) (Sleet, J.).

TRW's Amended Complaint satisfies these pleading requirements. First, the Amended Complaint contains an allegation supporting the Court's jurisdiction. (*E.g.*, Amended Complaint at ¶¶ 8-13.) Second, it identifies and discloses the owner of each of the seven asserted patents. (Amended Complaint at ¶ 1.)

Third, TRW's Amended Complaint accuses the Defendants' "safety restraint systems and products" of infringing the asserted patents. (*E.g.*, Amended Complaint at ¶¶ 5, 6, 7, and 25.) Further, for each of the asserted patents, TRW's Amended Complaint alleges that each of the "Defendants have infringed, and/or induced infringement of [each asserted patent] by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of [each asserted patent] in this judicial district and elsewhere in the United States." (Amended Complaint at ¶¶ 32, 37, 42, 47, 52, 57, and 62.)

Fourth, TRW's Amended Complaint has given the Defendants notice of their infringement. This notice tracks infringement allegations approved by this Court[2] and others.[3]

---

[2] *See R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, No. 02-472, 2002 WL 31260049, at *2 (D. Del. Oct. 9, 2002) (Sleet, J.) ("[D]efendants 'have directly and contributorily infringed, and have induced others to infringe one or more claims' of the patents-in-suit 'by making, using, selling, and/or offering to sell Computer-Aided Detection systems, which are identified by the trade name "MammoReader."'"); *Symbol Tech., Inc. v. Hand Held Prod., Inc.*, No. 03-102, 2003 WL 22750145, at *2 (D. Del. Nov. 14, 2003) (Robinson, J.) ("[Defendant] infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of each of the [plaintiff's twelve] Patents."); *Applera Corp. v. Thermo Electron Corp.*, No. 04-1230, 2005 WL

Fifth, TRW's Amended Complaint includes a demand for an injunction and damages. For example, it sets out a demand "for injunctive and declaratory relief and for damages, including treble or multiple damages, for patent infringement." (*E.g.*, Amended Complaint at p. 2.)

>    B.    TRW's Amended Complaint Provides More Than Adequate
>          Notice For TK Holdings To Frame An Answer.

In evaluating a motion to dismiss, courts look to whether the facts alleged in the complaint "provide defendants with adequate notice to frame an answer." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590, 2006 WL 2375035, at *4 (D. Del. Aug. 16, 2006) (Sleet, J.), quoting *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988). Amazingly, TK Holdings admits that it already has adequate notice to frame its answer and that preparing an answer will take only a matter of weeks. (Brief at 4; Stamey Decl. at ¶ 11.) That is, TK Holdings represents that its analysis of all of its airbag programs for infringement "could take several weeks." (Stamey Decl. at ¶ 11.) TK Holdings further represents that within this timeframe it can conduct the "infringement and validity analysis that Takata must undertake to satisfy its Rule 11 obligations." (Brief at 4.) Moreover, TK Holdings states that it has already

---

(continued...)

524589, at *1 (D. Del. Feb. 25, 2005) (Sleet, J.) ("[T]he complaint plainly states that [defendant] has allegedly infringed the '736 patent 'directly, contributorily, and/or by inducing others to infringe the patent by making, using, offering for sale and selling mass spectrometer systems that are encompassed by or the use of which is encompassed by one or more claims of the '736 patent'").

[3] *See Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (holding that "defendant infringes on its patents by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items'...adequately explains the manner in which the defendant allegedly infringes."); Fed. R. Civ. P. Form 16 ("Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court").

completed its analysis of Count VII, which asserts one of the seven patents-in-suit. (Brief at 12 n.4.)

TK Holdings complains that "TRW's Amended Complaint manifestly fails to provide 'fair notice' of its specific patent infringement allegations." (Brief at 2.) Yet TK Holdings admits that it already has enough information to conduct its infringement and validity analysis in a matter of weeks. Indeed, it received the original Complaint over six weeks ago.

>     C.    TRW's Amended Complaint Properly Accuses Each
>           Of The Defendants Of Infringing The Asserted Patents.

TK Holdings complains that TRW's Amended Complaint "fails to indicate which Takata Defendant is accused of infringing which patent." (Brief at 9.) TK Holdings is attempting to inject ambiguity where none exists. The allegations in TRW's Amended Complaint are, in fact, straightforward and plainly accuse *each* Defendant of infringing *each* patent. That is, the Amended Complaint has seven Counts – one for each of the seven asserted patents. Under each Count, all of the Defendants are accused of infringing a specific patent. For example, under Count I, all of the Defendants are accused of infringing the '690 Patent.

Apparently, TK Holdings desires that TRW's Amended Complaint include 21 Counts where each patent Count is repeated three times for each of the Defendants so, for example, Count 1 would accuse Takata Corp. of infringing the '690 Patent, Count 2 would accuse TK Holdings of infringing the '690 Patent, and Count 3 would accuse Takata-Petri AG of infringing the '690 Patent. This is a needless tripling of the number of counts and is simply not called for given the straightforward allegation that the "Defendants have infringed and/or induced infringement of the '690 Patent…." (TRW Amended Complaint ¶ 32.)

Indeed, TK Holdings recognizes in its motion that "TRW's Amended Complaint defines 'Defendants' collectively to include each of the three Takata Defendants." (Brief at 10.) It is a

non sequitur to then complain that using this defined term in alleging that "Defendants have infringed" is somehow fatally deficient.

Moreover, the only cases TK Holdings cites in support of this argument are from California. (Brief at 9-11.) Subsequent California caselaw plainly limits the cases cited by TK Holdings to their specific facts and makes clear that this line of cases has *not* established a general rule of pleading. *See OKI Electric Industry Co., Ltd. v. LG Semicon Co., Ltd.*, No. 97-20310, 1998 WL 101737, at *2 (N.D. Cal. Feb. 25, 1998) ("Neither the *Gen-Probe* nor the *Schlafly* case establishes a general rule that plaintiffs are required to plead each claim in their complaints in a separate count. Rather, in each case the court was addressing particular organizational deficiencies of the respective pleadings."), *aff'd*, 243 F.3d 559 (Fed. Cir. 2000).

Delaware  does not require repetitive pleading. For example, this Court approved a complaint that used one paragraph (in a ten paragraph complaint) to allege that *multiple* "defendants 'have directly and contributorily infringed, and have induced others to infringe one or more claims' of the patents-in-suit 'by making, using, selling, and/or offering to sell Computer-Aided Detection systems, which are identified by the trade name "MammoReader."'" *R2 Tech.*, 2002 WL 31260049, at *2.

TK Holdings also complains that there are three different Defendants and "[e]ach business will need to research its own products and activities against TRW's broad infringement allegations." (Brief at 10.) This Court has already rejected such an argument in its *R2* decision, stating that "the three defendants are represented by the same counsel. Thus, the court is not persuaded by icad's argument that each of the three defendants will have to independently analyze the infringement claims." *R2 Tech.*, 2002 WL 31260049, at *3. As in *R2*, all three Defendants in the instant case are represented by the law firm of Foley & Lardner LLP. *See*

Krosin Decl. at ¶ 2 ("I represent Defendants Takata Corporation, Takata-Petri AG and TK Holdings, Inc. in the above-titled action").

Further, it should be noted that *only* TK Holdings has made this motion but nevertheless has grouped the burden for *all* the Defendants in making its argument. TK Holdings never breaks out exactly how many airbag programs it has and what its specific burden would be separate from the other Defendants. This technique of TK Holdings speaking on behalf of all the Defendants reveals the interrelationship between these three Defendants. Indeed, TK Holdings is part of a collective that does business as Takata. This interconnection is best illustrated in the declaration of Mr. Stamey, who explains that he is "in-house counsel for Defendant TK Holdings Inc." but who readily makes representations on behalf of *all* the Defendants as to their knowledge of the lawsuit, the information they need, and their airbag programs.[4]

> D.  TRW's Amended Complaint Sufficiently Describes The Products Accused Of Infringement.

TK Holdings improperly demands that TRW's Amended Complaint "expressly identify the accused products." (Brief at 8.) Such specificity is not required of a pleading.

> Under the Fed. R. Civ. P. 8(a)(2), a plaintiff is required only to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, [infringement plaintiff] **need not identify**, in its counterclaim, **specific products by name, so long as they are sufficiently described in some way.**

*Cordance Corp. v. Amazon.com, Inc.*, 521 F. Supp. 2d 340, 345 (D. Del. 2007) (emphasis added).

In *Applera*, the plaintiffs alleged that the defendant infringed a patent "directed to a mass spectrometer and a method of operating the mass spectrometer." *Applera*, 2005 WL 524589, at

---

[4] For example, Mr. Stamey represents – on behalf of *all* the Defendants – that "[n]one of the Takata defendants had any prior knowledge that TRW would be filing a patent infringement lawsuit," that "each of the Takata defendants need [certain] information in order to begin collecting documents," and that reviewing 200 different airbag programs "could take several weeks for Takata to perform this task and would cause significant disruption to Takata's business." (Stamey Decl. at ¶¶ 4, 7, and 11.)

*1. The defendant moved for a more definite statement, arguing that it could not "determine the issues in the case because the plaintiffs failed to identify which of its ninety-three mass spectrometers, in sixteen product lines, that it has manufactured since 1990 allegedly infringe[d]" the patent in suit. *Id.* The defendant further asserted that prior litigation involving the patent in suit "[made] it all the more important for the plaintiffs to identify which of its products or processes allegedly infringe the...patent." *Id.* at. *1 n.3. This Court denied the motion, stating:

> [T]he complaint plainly states that [the defendant] has allegedly infringed the '736 patent "directly, contributorily, and/or by inducing others to infringe the patent by making, using, offering for sale and selling mass spectrometer systems that are encompassed by or the use of which is encompassed by one or more claims of the '736 patent." The court, therefore, cannot say that the complaint is so "vague or ambiguous" that it prevents [the defendant] from reasonably framing a response. While the court understands and endorses [the defendant's] desire to narrow the issues of this litigation as early on in the process as possible, it believes that this goal is best achieved through the use of traditional mechanisms of discovery.

*Id.* at *1 (citations and footnotes omitted).

In arguing to the contrary, TK Holdings cites Judge Robinson's ruling in *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002), in which the Court objected to the completely non-descriptive term "Nalco's products" in the complaint. *Ondeo*, 2002 WL 1458853 at *1 n.2. Notably, Judge Robinson's ruling one year later in *Symbol Tech., Inc. v. Hand Held Prod., Inc.*, No. 03-102, 2003 WL 22750145 (D. Del. Nov. 14, 2003), denied a motion to dismiss where the complaint alleged infringement of *twelve* patents by simply stating that "[Defendant] infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of each of the [plaintiff's twelve] Patents." *Id.* at *2.

The defendant in *Symbol* – like TK Holdings – argued that the "complaint is facially defective under Fed. R. Civ. P. 8(a), as it fails to provide sufficient notice of which of

10

[defendant's] products infringe claims under the [plaintiff's twelve] Patents...." *Id.* at *3. Importantly, Judge Robinson explained that the defendant "failed to cite any precedent binding upon this court that requires a complaint to identify the basis of an infringement claim with such particularity." *Id.* at *3 (footnote omitted). Thus, TK Holdings' demand that TRW's Complaint "expressly identify accused products" is simply not a requirement of a properly pled complaint.

TK Holdings' citation to *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 U.S. Dist. LEXIS 26092 (N.D. Cal. Sept. 6, 2003), is also inapposite. (Brief at 9.) The complaint at issue in *Hewlett-Packard* involved a far more generic allegation of infringing products (i.e. "software and hardware products") and implicated potentially "more than 4000 end-user applications." *Hewlett-Packard*, 2003 U.S. Dist. LEXIS 26092, at *6-7.[5] Even the treatise language that TK Holdings quotes does not require accusing specific products. *See* Brief at 8 (quoting treatise that discusses identifying products "[w]here possible").[6]

Finally, TK Holdings complains that in order to respond to the complaint, it must compare its products to all 126 claims in the seven patents in suit. (Brief at 9.) This is a wild exaggeration. TK Holdings need only compare its products to the broadest independent claim of each patent – a total of seven claims altogether – to determine whether to plead non-infringement.

---

[5] Not only does the *Hewlett-Packard* case involve a far more sprawling allegation, but this California case recognizes conflicting rulings on this issue from its own court. *See Hewlett-Packard*, 2003 U.S. Dist. LEXIS 26092, at *7 n.2 ("The Court acknowledges Defendant's citation to several district court opinions, including one from this district, which seem to interpret Rule 8(a)(2) and Form 16 more liberally.") Indeed, in recognizing this division of authority within the Northern District of California, the *Hewlett-Packard* court cites *OKI Electric Industry Co., Ltd. v. LG Semicon Co., Ltd.*, No. 97-20310, 1998 WL 101737, at *2 (N.D. Cal. Feb. 25, 1998), which held that simply accusing "devices that embody the patented methods" is sufficient to satisfy Rule 8. *Id.*

[6] Moreover, this cited treatise section describes this Court's ruling in *Applera Corp. v. Thermo Electron Corp.*, No. 04-1230, 2005 WL 524589 (D. Del. Feb. 25, 2005), which approved a pleading accusing "mass spectrometer systems that are encompassed by or the use of which is encompassed by one or more claims of the '736 patent." *Id.* at *1. TK Holdings' brief omitted this portion of the treatise and only addresses this ruling in a footnote ten pages later in its brief. (Brief at 19 n.6.)

11

Moreover, this Court has repeatedly rejected similar arguments whining about the number of claims involved, even when the patents asserted in a complaint "contained a total of three hundred and twenty-two claims." *R2 Tech.*, 2002 WL 31260049, at *3 (citations omitted)

      E.     The Seven Asserted Patents Are Directed To Vehicle
              Airbags And Not A "Wide Range Of Technologies."

TRW's Amended Complaint asserts seven patents dealing with vehicle airbags. TK Holdings complains that these seven airbag patents cover a "wide range of technologies" and that "this case is far more complicated than the average patent case." (Brief at 2.) Setting aside questions of how one would benchmark the complexities of "the average patent case," the patents TRW asserts are narrowly directed to vehicle airbags, and TK Holdings' concerns about the subject matter are overstated. Indeed, the example TK Holdings provides of this complicated "wide range of technologies" is that "one patent covers the housing and fasteners used to enclose an airbag, while another patent covers the stitching on the airbag itself." (*Id.*) This is not a "wide range of technologies;" it's about airbags. In fact, from this description, it is apparent that TK Holdings has a ready comprehension of the subject matter of these patents.

This Court, in previous cases, has rejected the entire premise of TK Holdings' argument. For example, in denying a motion to dismiss a patent complaint alleging infringement of twelve patents, this Court noted that "the crux of [defendant's] motion is that [plaintiff's] complaint is simply too large. There are, however, a finite number of claims and a finite number of infringing products. Consequently, the court finds that traditional mechanisms of discovery are the proper tools to refine the scope of this litigation." *Symbol Tech., Inc. v. Hand Held Prod., Inc.*, No. 03-102, 2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003).

In contrast to this Court's teaching that discovery – not a motion to dismiss – is the proper way to refine the scope of a lawsuit, (*id.*) TK Holdings' motion places the cart before the

horse by raising hypothetical disputes premised on discovery requests that it imagines will be served. Indeed, TK Holdings argues that it will be "extremely burdensome for Takata to comply with its discovery obligations in this case" and that "the Takata Defendants will be under a severe and unfair burden later in discovery if TRW is allowed to engage in a discovery 'fishing expedition' on the almost two hundred Takata airbag products and programs regardless of whether they have any relevance to this case." (Brief at 1 and 7.)

Further, TK Holdings claims that it was motivated to file its motion so it could start collecting documents for production sooner. *See* Stamey Decl. at ¶ 7 ("[E]ach of the Takata defendants need this information in order to begin collecting documents that are likely to be requested by TRW during discovery.") While TRW appreciates the eagerness of all three Defendants to gather documents responsive to discovery requests they expect to receive, these issues of "relevance," "burden later in discovery," and document collection are simply inapposite to the evaluation of pleadings in a motion to dismiss. *See Symbol*, 2003 WL 22750145, at *3 ("Particularly in complex [patent] litigation, it is through the discovery process that the parties refine and focus their claims."); *Applera*, 2005 WL 524589, at *1 (denying a motion for more definite statement and explaining that "[w]hile the court understand and endorses [defendant's] desire to narrow the issues of this litigation as early on in the process as possible, it believes this goal is best achieved through the use of traditional mechanisms of discovery") (citation omitted).

Not surprisingly, the cases that TK Holdings cites are also inapposite. For example, TK Holdings cites a personal injury case from the Southern District of New York to support its discovery parade of horribles resulting from pleading "overly-broad infringement claims." (Brief at 12.) In this New York case, the court granted the government's motion to dismiss on the basis of **sovereign immunity** and where the "**plaintiff admit[ted]** that there is **no** factual basis for his

allegation that the Government might have provided defective equipment." *Lituma v. United States*, No. 04-8955, 2005 WL 1705088, at *1-2 (S.D.N.Y. July 18, 2005) (emphasis added). This case has no relevance here.[7]

### F.    TK Holdings Insinuations Regarding Rule 11 Are Unfounded And Irrelevant To The Present Motion.

TK Holdings attempts to bolster its motion by referring to TRW's obligations under Fed. R. Civ. P. 11. These assertions regarding Rule 11 are unfounded, irrelevant, and procedurally inappropriate. This Court has rejected attempts, as here, to "bootstrap Fed. R. Civ. P. 11 requirements into Rule 8, without actually alleging that [plaintiff's] complaint is frivolous." *Symbol*, 2003 WL 22750145, at *2-3 n.1. Indeed, "[i]n the absence of an actual motion by [defendant] to the contrary, the court will assume that [plaintiff's] counsel has complied with their ethical obligations under Fed. R. Civ. P. 11." *Id.*

TK Holdings relies on *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000) in an attempt to link Fed. R. Civ. P. 11 to the notice pleading requirement under Rule 8. *View Engineering*, however, focused on Rule 11 sanctions against attorneys who admitted that they had no factual basis for the claims in question. *Id.* at 984-85.[8] Here, TRW's Amended Complaint has properly satisfied the pleading requirement and TRW is presumed to have satisfied Rule 11. *See Symbol*, 2003 WL 22750145, at *2-3 n.1.

---

[7] Indeed, in support of its argument, TK Holdings only cites non-binding cases from other jurisdictions, such as *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006), which involved an odd – and entirely irrelevant – scenario wherein the plaintiff tried to use as a "substitute for meeting the pleading requirements of Rule 8" that the plaintiff's former employee was working for defendant and so "defendant should know precisely which of its products infringe." *Id.* at *4.

[8] TK Holding also re-cites the same inapposite cases as discussed above. *Cf. OKI Electric*, 1998 WL 101737, at *4 ("Defendants have cited several cases involving the imposition of Rule 11 sanctions on plaintiffs who have failed to thoroughly investigate claims before bringing them in court. Such cases are inapposite to the present action in that they properly address the question of unwarranted and frivolous legal contentions in the context of a Rule 11 motion for sanctions.") (citations omitted).

G.   <u>TRW's Amended Complaint Properly Alleges Willful Infringement.</u>

TK Holdings incorrectly asserts that TRW failed to allege that TK Holdings had knowledge of the asserted patents. (Brief at 16.)  The Amended Complaint does, in fact, plead knowledge by *all* the Defendants of *each* patent.  Count 1, for example, states that "Defendants have, upon information and belief, infringed and are **infringing the '690 Patent with knowledge of the TRW Companies' patent rights** and without a reasonable basis for believing their conduct is lawful." (Amended Complaint at ¶ 35, emphasis added.)

TK Holdings has attempted to contort this language in the Amended Complaint to imply that the "patent rights" (of which the Defendants are alleged to have knowledge) cannot be, for example, the '690 Patent in Count I.  This is nonsensical.  The term "patent rights" is preceded only six words earlier in the sentence with the phrase "the '690 Patent." (*Id.*)  Indeed, this allegation appears in a section titled "INFRINGEMENT OF THE '690 PATENT."  TK Holdings' attempt to read "patent rights" in Claim I as meaning "not the '690 Patent" is stretching this plain language beyond the breaking point and must be rejected.

Given that TK Holdings has chosen to allege copious facts in its motion and attach four declarations, it is revealing that TK Holdings made no argument that it actually did *not* have knowledge of the asserted patents.  Indeed, TK Holdings artfully asserts only that it had no prior "warning" that TRW was going to "file" suit – never mentioning whether or not it had prior knowledge of the patents. *See* Brief at 5 n.2 ("Takata had no prior warning that TRW was going to file suit against it for patent infringement, let alone on seven patents").  TK Holdings' silence as to its prior knowledge of the asserted patents is telling.

H.    TRW's Amended Complaint Properly Alleges
Indirect Infringement By Inducement.

To assert indirect infringement, TRW's Amended Complaint need only allege that TK

Holdings induced "others" to directly infringe.  Indeed, this Court has approved such pleading

language both in the context of a motion to dismiss and a motion for more definite statement.

*See, e.g.*, *R2 Tech.*, 2002 WL 31260049, at *2 (approved complaint alleging that defendants

"have induced **others** to infringe"); *Symbol*, 2003 WL 22750145, at *2 (approved complaint

alleging that defendant "has induced and continues to induce **others** to infringe"); *Applera*, 2005

WL 524589, at *1 (approved complaint alleging that defendant has infringed "by inducing

**others** to infringe") (emphasis added in all).[9]

TRW is entitled to develop its properly pleaded inducement claim through discovery.

*See Symbol*, 2003 WL 22750145, at *3; *Applera*, 2005 WL 524589 *1 (citation omitted).  Indeed,

this discovery should be straightforward given that TK Holdings has represented that each of its

airbag programs is "designed to fit into a specific automobile."  (Brief at 3.)  TK Holdings

further represents that "[a]n airbag developed for one program typically is unusable in any other

program without further application engineering.  For example, a driver airbag designed for use

---

[9] TK Holdings' cited cases are unhelpful for various reasons.  TK Holdings cites several cases in which discovery had been conducted and which had proceeded to summary disposition or to a full jury trial.  *See ACCO Brands, Inc. v. ABA Locks Mfr.*, 501 F.3d 1307, 1309 (Fed. Cir. 2007) (jury trial conducted); *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1298 (Fed. Cir. 2002) (jury trial conducted); *Celanese Int'l Corp. v. Oxyde Chems., Inc.*, No. 07-2981, 2008 U.S. Dist. LEXIS 27811, at *1 (S.D. Tex. April 4, 2008) (summary judgment post discovery); *F&G Research, Inc. v. Google, Inc.*, No. 07-2981, 2007 U.S. Dist. LEXIS 70072, at *1-2 (S.D. Fla. Sept. 20, 2007) (motion to reconsider summary disposition post discovery); *TI Group Automotive Sys. v. VDO North Am.*, No. 00-432, 2002 WL 484838, at *1 n.3 (D. Del. March 7, 2002) (summary judgment post discovery).  A finding of lack of direct infringement after a jury trial or after conducting discovery is obviously different than an evaluation of a properly pled complaint under Fed. R. Civ. P. 8.  TK Holdings also cites the non-binding *Gen-Probe* case which has been distinguished by subsequent California caselaw, discussed *supra*.  In addition, TK Holdings cites Judge Robinson's *Ondeo* decision, which as also discussed *supra* was clarified by her subsequent ruling in *Symbol* denying a motion to dismiss a complaint alleging that defendant "has induced and continues to induce **others** to infringe."  *Symbol*, 2003 WL 22750145, at *2 (emphasis added).

in a Mercedes Benz R-Class would not be interchangeable with a driver airbag designed for use in a Dodge Ram pickup. As such, each airbag specification is essentially 'an island unto itself.'" (Brief at 3-4, citation omitted.) Thus, given this admission that TK Holdings designs its airbags for "specific" customers and its airbags are not "interchangeable" with other vehicles, identifying induced third parties should be a trivial matter once discovery begins.

TK Holdings complains that TRW fails to plead specific intent and knowledge of the asserted patents. As discussed above in the willfulness section, TK Holdings arrives at this conclusion only through a contorted reading of TRW's Amended Complaint that defies the rules of grammar. Indeed, TRW has sufficiently alleged inducement, especially in light of how closely TRW's Amended Complaint tracks notice pleading language approved by this Court. *See, e.g., R2 Tech.*, 2002 WL 31260049, at *2; *Symbol*, 2003 WL 22750145, at *3; *Applera*, 2005 WL 524589, at *1; *see also Gammino v. Cellco Partnership*, No. 04-4303, 2005 WL 2397168, at *2 (E.D. Pa. September 27, 2005) ("Plaintiff is only required to provide Defendants with notice of his claims. By alleging that Defendants have actively infringed upon, and induced others to infringe upon, his patents by using them, Plaintiff has satisfied the pleading requirements of Fed.R.Civ.P. 8(a)(2).").

TK Holdings also argues that "the Amended Complaint fails to allege whether these 'third parties' and 'customers' reside in the U.S. or abroad." (Brief at 4.) Curiously, TK Holdings identifies paragraph 28 of the Amended Complaint as providing factual support for TRW's claims of induced infringement (*id.*), and paragraph 28 plainly states that "Defendants actively sell to and solicit business from **customers and distributors <u>located in the United States</u>**." (Amended Complaint, at ¶ 28, emphasis added.) Apparently, Takata has simply misread this paragraph that it cited to the Court. Indeed, paragraph 28 is not the only instance alleging

17

location in the United States. *See, e.g.*, Amended Complaint, at ¶ 10 ("products that infringe the Patents-in-Suit to **customers in the United States, including customers in this judicial district**....") (emphasis added); *id.* at ¶ 30 ("Defendants' products to **customers and users in the United States**.") (emphasis added).

### III.    TK HOLDINGS' MOTION FOR MORE DEFINITE STATEMENT SHOULD BE DENIED.

As this Court has explained, "[a] party may only move for a more definite statement in an effort to remedy an unintelligible pleading." *R2 Tech*, 2002 WL 31260049, at *2. Under Rule 12(e) "relief is only granted in the 'rare case' where the complaint is so vague or incomprehensible that the defendant cannot frame a responsive pleading." *Houlihan v. Sussex Tech. School Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006) (Farnan, J.). This is not such a rare case. Indeed, "[c]ourts generally view motions for a more definite statement with disfavor. They do so because the Federal Rules of Civil Procedure require that a pleading contain only a 'short and plain statement of the claim showing that the p[arty] is entitled to relief.'" *R2 Tech*, 2002 WL 31260049, at *2 (citations omitted).[10]

Given that TK Holdings has already admitted that it can prepare an answer to TRW's Amended Complaint (including its infringement and validity analysis) in a matter of weeks, TK Holdings cannot not now be heard to argue that the Amended Complaint is unintelligible. (Brief at 4; Stamey Decl. at ¶ 11.) As discussed above, TRW's Amended Complaint more than

---

[10] In arguing for a more definite statement, TK Holdings cites cases that are almost exclusively from other jurisdictions. (Brief at 18-20.) Indeed, the only Delaware case TK Holdings cites is the *Applera* decision **denying** a motion for a more definite statement. *Applera*, 2005 WL 524589, at *1. In addition to *Applera*, TRW has discussed *supra* the precedent of this Court in which motions for more definite statement – challenging similar allegations as those in TRW's Amended Complaint – were denied. *See Symbol*, 2003 WL 22750145, at *3; *R2 Tech.*, 2002 WL 31260049, at *3.

sufficiently complies with the notice pleading requirements of Rule 8, so TK Holdings' motion for a more definite statement should be denied.

It appears that TK Holdings' motion for a more definite statement is merely an attempt to obtain discovery through the pleading process. As discussed above, discovery issues are inapposite in evaluating whether a complaint is properly pled. Indeed, courts routinely deny motions for more definite statement where the information sought by the motion can be obtained through discovery. *See Symbol*, 2003 WL 22750145, at *3; *Applera*, 2005 WL 524589, at *1.

Finally, TK Holdings' argument for a more definite statement fails to show that a more definite statement will reduce its supposed burden. It asserts that it must now compare 200 products against seven patents. As relief, it seeks an order requiring TRW to specifically identify one product infringing each patent. This relief would yet require TK Holdings to compare 199 products against seven patents. In short, TK Holdings' requested relief makes no sense.

## CONCLUSION

For all the foregoing reasons, TK Holdings' Motion to Dismiss or, in the alternative, for a More Definite Statement should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert C. Kahrl
Timothy J. O'Hearn
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Dated: July 21, 2008
875247

By: _____
Philip A. Rovner (#3215)
P.O. Box 951
Hercules Plaza
Wilmington, Delaware 19899
(302) 984-6140
provner@potteranderson.com

*Attorneys for Plaintiffs*

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 21, 2008, the within document was

filed with the Clerk of the Court using CM/ECF; that the document was served on the following

parties as indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on July 21, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Michael D. Kaminski, Esq.
Kenneth E. Krosin, Esq.
Foley & Lardner LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 30007
Mkaminski@foley.com
kkrosin@foley.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com