## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | |
| and | ) | |
| TRW AUTOMOTIVE GmBH | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 08-268-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| TAKATA CORPORATION, | ) | |
| TK HOLDINGS, INC. | ) | |
| and | ) | |
| TAKATA-PETRI AG | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TK HOLDINGS INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO TK HOLDINGS' MOTION TO DISMISS AND ALTERNATIVELY FOR MORE DEFINITE STATEMENT**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant TK Holdings, Inc.*

*Of Counsel:*

Michael D. Kaminski
Kenneth E. Krosin
C. Edward Polk, Jr.
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

Dated: July 31, 2008

{00233198;v1}

## TABLE OF CONTENTS

**Page**

I.    SUMMARY OF ARGUMENT .................................................................. 1

II.   ARGUMENT ....................................................................................... 2

  A. TRW's Procedural Arguments About The Declarations Are Incorrect .................................................................................... 2

  B. TRW's Amended Complaint Does Not Provide The Minimal Factual Allegations Required By Rule 8 ...................................... 3

    1. The Amended Complaint Does Not Follow Form 16 ..................... 3

    2. TK Holdings Has Not Completed Its Infringement And Invalidity Analysis ............................................................... 4

    3. TRW's Amended Complaint Does Not Properly Accuse Each Of The Defendants Of Infringing The Asserted Patents ....................................................................................... 4

    4. TRW's Amended Complaint Does Not Sufficiently Describe The Products Accused Of Infringement .......................... 5

    5. TRW's Characterization Of The Asserted Patents Is Misleading .............................................................................. 7

    6. TK Holdings' Citation To Rule 11 Is Proper ................................ 8

  C. The Amended Complaint Does Not Properly Allege Willful Infringement ................................................................................. 9

  D. TRW's Has Not Properly Alleged Induced Infringement ........................... 9

  E. TK Holdings' Motion For A More Definite Statement Should Be Granted ................................................................................. 10

III.  CONCLUSION ................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Bay Indus, Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010., 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) ..................................................................8

*Biltmore Associates, L.L.C. v. Twin City Fire Ins. Co.*, No. CV-05-4220-PHX-FJM 2006 WL 2091667 (D. Ariz. July 21, 2006).........................................8

*Cordance Corp. v. Amazon.com, Inc.*, 521 F. Supp. 2d 340 (D. Del. 2007) ......................6

*eSoft, Inc. v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 (D. Colo. July 31, 2006).............................................................8

*F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927 RSL, 2008 U.S. Dist. LEXIS 31319 (W.D. Wash. Mar. 10, 2008) ...............................................9

*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996)................................9

*Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990) ...............5, 10

*Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. Civ.A. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002)...............................................................6

*Pryor v. NCAA*, 288 F.3d 548 (3rd Cir. 2002)....................................................................2

*R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, No. 02-472, 2002 WL 31260049 (D. Del. Oct. 9, 2002) ............................................................................6

*Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53 (1st Cir. 1999)...........................8

*Thomas v. Page Independence Tp.*, 463 F.3d 285 (3d Cir. 2006) ................................3, 11

*Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294 (3d Cir. 1996) ...................................................................................................5, 10


**RULES**

Fed. R. Civ. P. 8 ..........................................................................................................*Passim*

Fed. R. Civ. P. 11 ...............................................................................................................7, 9

Fed. R. Civ. P. 12(e) .....................................................................................................2-3, 11

## I.    SUMMARY OF ARGUMENT

TRW's opposition (D.I. 16) tries to divert attention away from the several deficiencies in its Amended Complaint by recasting TK Holdings' pending motion as something it is not. Focusing on basic pleading requirements, TK Holdings' opening memorandum simply asks that TRW provide sufficient information on the accused products or programs for TK Holdings to frame a responsive pleading and a reasonable infrastructure for this litigation. TK Holdings simply does <u>not</u> have enough information to conclude its infringement and validity analyses based on the pleadings in the Amended Complaint.

TRW's arguments in opposition should be discounted for several reasons. *First*, this Court should consider the declarations submitted by TK Holdings. TK Holdings went to great lengths to avoid filing this motion in the wake of TRW's unspecific infringement allegations— contacting TRW a number of times, through different channels—all to no avail. Those declarations chronicle those efforts and why the burden on TK Holdings is too much.

*Second*, the conclusion that TRW's Amended Complaint fails to comply with the "fair notice" requirement of Fed. R. Civ. P. 8 is apparent from even a cursory reading of this pleading. In an effort to overcome the obvious, TRW analogizes its Amended Complaint to complaints in cases having relatively few patents and relatively few accused products. As TK Holdings has established, however, its products and programs within this technology space are numerous, and TRW has not identified a <u>single</u> TK Holdings accused product, despite multiple requests to do so.

*Third*, TRW has not plead sufficient facts to support its "willful infringement" or its "induced infringement" claims. Although TRW relies on the "liberal" nature of the Federal Rules' notice pleading requirements, Rule 8 was never intended to condone general allegations

with the hope of later finding support through a "fishing expedition" in discovery. These allegations should be dismissed. TK Holdings simply does not have enough information to conclude its infringement and validity analyses and will not be able to do so.

## II.    ARGUMENT

### A.    TRW's Procedural Arguments About The Declarations Are Incorrect

TRW initially asserts (Opp. at 2-3) that it would be procedurally improper for this Court to consider the declarations submitted with TK Holdings' motion. This is certainly not true. TK Holdings has not asked this Court to consider the declarations in gauging the legal merits of the claims pled in TRW's Amended Complaint.

Rather, TK Holdings provided the declarations to demonstrate factual issues, such as its attempts to (1) avoid motion practice through multiple contacts to TRW to informally cure the vagueness of TRW's Amended Complaint; and (2) demonstrate the burden on TK Holdings in responding to TRW's Amended Complaint by virtue of TK Holding's numerous products and programs within this technology space. Certainly, this Court has discretion to consider the declarations in this context. *Pryor v. NCAA*, 288 F.3d 548, 559-60 (3rd Cir. 2002) ("Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss.").

In any event, TRW conveniently omits the fact that TK Holding alternatively has requested an order for "a more definite statement" under Rule 12(e). TRW has not cited a single case (and TK Holdings can find none) holding that a motion for a more definite statement under Rule 12(e) cannot be supported by a declaration explaining exactly why a more definite statement is needed. Such declarations are even contemplated by the literal text of this rule ("The motion … must point out the defects complained of and the details desired."). It would

defy logic to assume that TK Holdings cannot explain, with proper declarations, the real burden on TK Holdings in responding to TRW's Amended Complaint. To hold otherwise would preclude a defendant from ever showing why a complaint is deficient. Accordingly, TRW's procedural arguments should be rejected. *Accord Thomas v. Page Independence Tp.*, , 301 (3d Cir. 2006) ("The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiffs claim for relief.").

**B.    TRW's Amended Complaint Does Not Provide The Minimal Factual Allegations Required By Rule 8**

TRW next argues (Opp. at 3-15) that its Amended Complaint meets the pleading requirement of Fed. R. Civ. P. 8. This argument also is without merit.

**1.    The Amended Complaint Does Not Follow Form 16**

TRW initially compares its Amended Complaint to Fed. R. Civ. P. Form 16. This comparison provides no solace to TRW: The example in Form 16 contemplates that the patentee at least "placed the required statutory notice on all electric motors manufactured and sold by him under said Letters Patent, and ha[d] given written notice to defendant of his said infringement." TRW has done neither.

There are no allegations in the Amended Complaint that TRW has marked its own products with its own patent numbers. Indeed, if it had, this information would at least provide TK Holdings with a sample from which to gauge TRW's infringement allegations and provide a suitable responsive pleading. Nor did TRW ever provide written notice to TK Holdings (or the other Defendants) of their alleged infringing activities prior to filing suit. Such notice letters typically set forth specific programs being alleged of infringement. As pointed out in TK

Holdings' Opening Memorandum (D.I. 13), TK Holdings and the other defendants first learned of their alleged infringement of these patents via the Complaint and Amended Complaint.

### 2. TK Holdings Has Not Completed Its Infringement And Invalidity Analysis

Next, TRW argues (Opp. at 6-7) that TK Holdings supposedly admitted that it has enough information to conclude its infringement and invalidity analysis in a few weeks. TRW's statements are incorrect. As set forth in its declarations (attached to D.I. 13), TK Holdings has not been able to gather sufficient information to respond to the Amended Complaint despite multiple contacts with TRW in an effort to ascertain the identity of the products accused of infringement. TK Holdings simply does <u>not</u> have enough information to conclude its infringement and validity analyses based on the pleadings in the Amended Complaint and will not be able to do so.

### 3. TRW's Amended Complaint Does Not Properly Accuse Each Of The Defendants Of Infringing The Asserted Patents

TRW's next argument (Opp. at 7-9) incorrectly asserts that the Amended Complaint sufficiently accuses each of the three defendants (located on three different continents) of infringing all of the seven unrelated patents that it has asserted. TRW's Amended Complaint groups all defendants into one pile hoping that its allegations might later apply to at least one of them. However, as explained in TK Holdings' Opening Memorandum, the vagueness of this generalized allegation scheme is demonstrated by the fact that one defendant is accused of infringing a patent covering a product it does not make. TRW completely ignores this fact in its opposition. Further, "notice pleading" of Rule 8 was never intended to countenance the approach of asserting every count against every defendant for the sake of convenience when there is no factual basis for doing so. *Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa.*, , 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the

speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action"); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, , 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim"). TRW's approach here -- plead "everything but the kitchen sink" and sort it out later in discovery -- is unduly burdensome on TK Holdings and does not meet the Rule 8 standard for reasonable notice pleading.

The *R2 Tech* case cited by TRW in support of its "every defendant/every count" argument is not only distinguishable but supports TK Holdings' position. *First*, the *R2 Tech* pleadings specifically identified the accused product, a computer-aided detection system, identified by the trade name "MammoReader." *Second*, the allegation that all three defendants infringed the asserted patent was adequate because each of them manufactured the MammoReader. This scenario is quite different from the instant case, where TRW has alleged infringement of seven unrelated patents against three defendants who each manufacture different products designed for different vehicles in different global markets.

### 4.    TRW's Amended Complaint Does Not Sufficiently Describe The Products Accused Of Infringement

TK Holdings recognizes that there is no "bright line" requirement for identifying specific products accused of infringement. However, "fair notice" requires patent infringement claims to reasonably identify the products upon which those claims rest. *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. Civ.A. 01-537-SLR, 2002 WL 1458853 at *1 (D. Del. June 10, 2002). TK Holdings asks that TRW be required to identify at least some accused products in its Amended Complaint to provide such notice, rather than simply assuming that all of TK Holdings' airbags infringe.

Even TRW's own cited case law provides examples where products were identified in the respective complaint. *R2 Tech.,* 2002 WL 31260049 at \*2 (accused products identified by trade name); *Cordance Corp. v. Amazon.com, Inc.,* 521 F. Supp. 2d 340, 345 (D. Del. 2007) (accused product identified as Cordance's UAB). These cases represent the unremarkable proposition that, in proper circumstances, a complaint needs more information to provide "fair notice."

TRW also attempts to marginalize the real burden on TK Holdings by suggesting that TK Holdings has engaged in "wild exaggeration" in describing its burden. (Opp. at 11). The declarations, however, demonstrate that there is no "wild exaggeration" at all. The burden on TK Holdings is real and TRW's "file now and discover later" tactic not only imposes unreasonable costs and burdens on TK Holdings, but also will unnecessarily expand the scope of discovery and adversely affect the Court's management of this case. These undesirable results can be avoided at the outset by requiring TRW to provide "fair notice" of its real claims contemplated by Rule 8, not by engaging in an unjustified fishing expedition.

TRW next argues, without any support, that TK Holdings need only compare its products to the broadest independent claim of each patent. (Opp. at 11.) According to TRW, this would result in a reduction of the comparison to a mere seven claims. Assuming *arguendo* that this were true, TK Holdings would still need to compare each of its 200 product lines to seven claims, resulting in 1400 different analyses. This forces TK Holdings to bear an unfair burden when it is presumably within TRW's capability to identify the products it believes infringe each patent. As noted above, TRW wants to play "hide and seek" without any real justification.

Moreover, TRW's argument that TK Holdings can simply ignore the dependent claims of the seven asserted patents ignores the defense of patent invalidity. If TK Holdings asserts that

any of the dependent claims of those patents are invalid, it will need to analyze those claims to satisfy its Rule 11 obligations, independent of its noninfringement defenses.

In sum, TK Holdings is not asking TRW to "move mountains." Rather, it is simply asking TRW to provide information it should already have in its possession and which it should have included in its Amended Complaint.

### 5. TRW's Characterization Of The Asserted Patents Is Misleading

Next, TRW incorrectly asserts that the seven asserted patents are "narrowly directed" to vehicle airbags. In reality, the 126 claims of the asserted patents are directed to technologically different aspects of vehicle airbags, ranging from the vent used to control inflation of an airbag to the exact construction of a chamber in a given airbag housing. TRW's patents do not simply relate to "vehicle airbags," as each has a different technological focus. Because the seven patents are entirely unrelated to each other—there is no technological overlap—they must be considered individually.

Because the seven patents claim separate and distinct inventions, TK Holdings will be required to analyze thousands of pages of technical specifications for over 200 different airbag programs seven different times over, simply to formulate a response to TRW's Amended Complaint. Placing such a significant and disproportionate burden on TK Holdings at this early stage of the pleadings falls short of providing TK Holdings with "fair notice."[1]

---

[1]    *See, e.g., Bay Indus, Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010., 2006 U.S. Dist. LEXIS 86757 at *5 (E.D. Wis. Nov. 29, 2006) ("[B]y failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent to formulate a response. I find this to be an unreasonable burden on the defendant, especially in light of the fact that in a patent infringement case the plaintiff bears the burden of proof. Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent.") (internal citations omitted); *eSoft, Inc. v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 at *4-5 (D. Colo. July 31,

Further, *Symbol Technologies* is inapposite because TRW mischaracterizes the motive for TK Holdings' motion. TK Holdings' motion is not about refining the scope of discovery, although that is a factor that can be considered. *See, e.g., Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome"); *Biltmore Associates, L.L.C. v. Twin City Fire Ins. Co.*, No. CV-05-4220-PHX-FJM 2006 WL 2091667 at *1 (D. Ariz. July 21, 2006) ("The motion to dismiss ... forms a bulwark against unmeritorious actions and fishing expeditions"). The main issue is "fair notice" of the complaint allegations, as required by the Rule 8.

### 6.    TK Holdings' Citation To Rule 11 Is Proper

TRW next argues (Opp. at 14) that TK Holdings' reference to Fed. R. Civ. P. 11 is improper. Indeed, TRW ignores the case law cited by TK Holdings highlighting the relationship between Rule 11's pre-filing requirements and Rule 8's pleading requirements. *See, e.g., Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) ("The supporting allegations must provide the basis for the claims, keeping in mind Rule 11's requirement of an inquiry reasonable under the circumstances"). TK Holdings has not accused TRW of violating its ethical obligations; it has merely pointed out that if TRW performed an appropriate Rule 11 pre-filing inquiry, it could easily identify accused products for each patent. As such, the burden on TRW in identifying the accused products will be minimal, as compared to the inordinate amount of time and effort TK Holdings would have to expend to try to develop this same information.

---

2006) ("Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused. Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise") (footnote omitted).

### C.   The Amended Complaint Does Not Properly Allege Willful Infringement

Next, TRW argues that TK Holdings must have knowledge of the asserted patents or it would have denied this fact in its Opening Memorandum.   This non-sequitor should be discounted as it does not excuse TRW from meeting its obligation to adequately plead facts supporting a willful infringement allegation.   *Accord F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07-1927 RSL, 2008 U.S. Dist. LEXIS 31319 at *2-5 (W.D. Wash. Mar. 10, 2008) (holding that the complaint did not contain any facts to support a claim of willful infringement, particularly because the complaint did not allege prior knowledge of the patent-at-issue). Because TRW has not set forth such facts, its willful infringement claim should be dismissed.

Although TRW's answering brief attempts to clarify that its intent was to plead knowledge by <u>each</u> Defendant of <u>all</u> patents in suit, it has not done so.   Put simply, TRW has no factual basis for making such a broad allegation and, in any event, its Amended Complaint must be judged by the allegations it contains, not TRW's intentions.

### D.   TRW's Has Not Properly Alleged Induced Infringement

TRW's next argument, boiled down to its essence, repeats TRW's theme that it should be allowed to assert a claim -- this time of "induced infringement" -- and then use discovery to find out if such a claim is viable.   In fact, TRW baldly asserts that it can generically point to "others" as the requisite direct infringers and then simply fill in the names later during discovery. Rule 8 is not nearly as liberal as TRW supposes.   Rather, the law is clear that any claim must have some factual support <u>before</u> it is pled.   *Zuk*, 103 F.3d at 299 ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action"); *Micro Motion*, 894 F.2d at 1327 ("The discovery rules are designed to assist a party to prove a claim it reasonably believes

to be viable without discovery, not to find out if it has any basis for a claim"). TRW's argument essentially demonstrates that it has no basis at this point for an induced infringement theory.

For example, TRW attempts to twist statements in TK Holdings' Opening Memorandum to support its induced infringement claims. Tellingly absent from TRW's opposition memorandum, however, is any factual, pre-suit basis for its induced infringement claims. Clearly, TRW has no basis now or when it filed its original Complaint to plead induced infringement. These claims should be dismissed.

### E.   TK Holdings' Motion For A More Definite Statement Should Be Granted

Finally, TRW argues that motions for a more definite statement under Rule 12(e) are disfavored and that this is not the "rare" case warranting relief under this rule. To the contrary, motions for a more definite statement are "perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. Uncovering the factual basis for TRW's infringement claims is all that TK Holdings seeks through its request under Rule 12(e). As noted above, TRW's infringement allegations appear to be intentionally vague and overbroad—the scenario that Rule 12(e) seeks to redress.[2]

## III.   CONCLUSION

For all of the foregoing reasons, TK Holdings respectfully requests that the Court dismiss TRW's Amended Complaint (without prejudice) or, in the alternative, that the Court order TRW to provide a more definite statement of its patent infringement claims.

---

[2]      TRW again argues that TK Holdings admitted that it could frame a responsive pleading in a few weeks. This is inaccurate because TK Holdings has been actively assessing its case for weeks and there remains a substantial amount of work to be done.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant TK Holdings, Inc.*

*Of Counsel:*

Michael D. Kaminski
Kenneth E. Krosin
C. Edward Polk, Jr.
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

Date:    July 31, 2008